E-FILED; Baltimore County Circuit Court
Docket: 4/25/2023 12:35 PM; Submission: 4/25/2023 12:35 PM
Case 1:23-cv-01842-JKB   Document 3   Filed 07/14/23   Page 1 of 11

EXHIBIT A

| | |
|---|---|
| NA'IM ANDERSON<br>2413 Guilford Ave.<br>Baltimore, MD 21218<br><br>v.<br><br>Baltimore County, Maryland<br>Serve on: John A. Olszewski, Jr., *County Executive*<br>400 Washington Ave, Mailstop 2M01A<br>Towson, Maryland 21204<br><br>and<br>Office of the State's Attorney for Baltimore County<br>Serve on: Scott D. Shellenberger, *State's Attorney*<br>County Courts Building, Room 511<br>401 Bosley Ave., Towson, MD 21204<br><br>and<br>State of Maryland<br>80 Calvert Street, Room 109<br>Annapolis, Maryland 21401<br><br>and<br>Nicholas Wolferman<br>700 East Joppa Road<br>Towson, Maryland 21286<br><br>and<br>Chad A. Sholter<br>700 East Joppa Road<br>Towson, Maryland 21286 | IN THE CIRCUIT COURT<br><br>OF MARYLAND<br><br>FOR BALTIMORE COUNTY<br><br>CASE NO.: TBA<br><br><br>C-03-CV-23-001712 |

## COMPLAINT

Now comes Plaintiff, Na'Im Anderson, by and through his attorneys, Latoya Francis-Williams, A. Dwight Pettit, Esq., and the Law Office of A. Dwight Pettit, P.A., and sue Defendants Baltimore County, Maryland; State of Maryland; Detectives Nicholas Wolferman and Chad Sholter; for reasons stated as follows:

1

this case exercised control over and influenced the policies, practices, and customs of the police department, as well as the training, supervision, control, and discipline of the named police officers and all other sworn members of the Baltimore County Police Department.

5. That at all times relevant hereto, Defendant State of Maryland is liable both via respondeat superior liability for the Constitutional Violations to Anderson by and through its co-defendant --the Office of the State's Attorney for Baltimore County; and, via its own negligent failure to vet National Medical Services (NMS) labs before contracting with said lab to analyze suspected CDS in Maryland criminal cases; causing Mr. Anderson harm, financially, emotionally and physically with the maintenance of criminal CDS charges against Mr. Anderson. Assistant State's Attorneys associated with the relevant criminal case were at all times acting within the scope of their employment.

6. At all relevant times, the State of Maryland contracted with National Medical Services (NMS) labs to outsource CDS testing in Maryland criminal cases without first confirming said entity was qualified to undertake the job.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court as the amount in controversy exceeds $30,000 pursuant to §4-401(1) of the Maryland Code Annotated, Courts & Judicial Proceedings Article and Plaintiffs demand a jury trial pursuant to §4-402(e)(1) of Maryland Code Annotated, Courts & Judicial Proceedings Article. Jurisdiction is also proper in the United States District Court under 42 U.S.C. § 1331 and 42 U.S.C. §1983, § 1985, and §1988.

8. Venue is proper in the Circuit Court for Baltimore County pursuant to §6-201(a) of the Maryland Code Annotated, Courts & Judicial Proceedings Article, as all Defendants work for Baltimore County, and the complained of events occurred in Baltimore County, Maryland. Venue is also proper in the U.S. District Court for the District Court of Maryland (Northern District) under 28 U.S.C., § 1391 in

17. Mr. Anderson did not get into said vehicle with any unlawful substances nor did Mr. Anderson have access to or knowledge of any illicit or unlawful substance in said vehicle.

18. At all relevant times, particularly prior to his charging Mr. Anderson with possession of marijuana, Detective Wolferman and Detective Sholter knew the Baltimore County Police Department did not have the ability to establish, pursuant to the relevant threshold standards for a criminal prosecution, that a substance was in fact marijuana.

19. "Marijuana" at all relevant times is defined as (i) all parts of any plant of the genus Cannabis, whether or not the plant is growing; (ii) the seeds of the plant; (iii) the resin extracted from the plant; and (iv) each compound, manufactured product, salt, derivative, mixture, or preparation of the plant, its seeds, or its resin.

20. "Marijuana" does not include: (i) the mature stalks of the plant; (ii) fiber produced from the mature stalks; (iii) oil or cake made from the seeds of the plant; (iv) except for resin, any other compound, manufactured product, salt, derivative, mixture, or preparation of the mature stalks, fiber, oil, or cake; (v) the sterilized seed of the plant that is incapable of germination; or (vi) hemp as defined in § 14-101 of the Agriculture Article.

21. "Hemp" means the plant Cannabis sativa L. and any part of that plant, including all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9-tetrahydrocannabinol (also known as "THC") concentration that does not exceed 0.3% on a dry weight basis.

22. "Hemp" does not include any plant or part of a plant intended for a use that is regulated under Title 13, Subtitle 33 of the Health - General Article.

23. Nevertheless, Mr. Anderson was criminally charged with possession of marijuana by Defendant Detective Wolferman and Detective Sholter.

24. Detective Wolferman misrepresented under oath in a Statement of Probable Cause that he had

Services (NMS) labs had been ceased; and, that no date of potential resuming of outsourcing to NMS was known as the Maryland State Police did not known when the lab would complete the required task of certifying their chemists under Maryland Law.

32. At all relevant times NMS Labs was the only lab the Office of the State's Attorney for Baltimore County and the Baltimore County Police Department utilized to analyze the THC concentration in suspected marijuana.

33. Nevertheless, at no time did the Office of the State's Attorney for Baltimore County disclose this exculpatory information to defense counsel on Mr. Anderson's criminal case; and went so far as to misrepresent to the Circuit Court for Baltimore County that it had the capability to determine whether a plant-like substance was in fact marijuana as defined under Maryland law.

34. On 8/9/2021 despite knowing that no chemist at National Medical Services (NMS), the Pennsylvania lab outsourced to by Maryland State Police under a 2019 contract with the State of Maryland to perform analysis on seized suspected Marijuana, had obtained Maryland Department of Health certifications as required, and that NMS labs did not known when obtaining certifications for their chemists would be completed; and, despite being informed that all outsourcing of seized suspected marijuana to NMS labs had been ceased, and no date of resuming of outsourcing was known, Detective Wolferman and other members of the Baltimore County Police Department along with the Office of the State's Attorney for Baltimore County lied to a grand jury in representing that Mr. Anderson possessed marijuana, resulting in an indictment containing possession of Marijuana related charges.

35. On 1/18/2022 the Office of the state's Attorney for Baltimore County was advised in writing by NMS Labs that no determination can be made as to whether or not the sample submitted to them is marijuana; and, that additional testing would be required to make this determination, if and only if NMS labs client support is contacted with said request.

41. Prior to their abuse to Mr. Anderson, Baltimore County Police Department, Detectives Wolferman and C. Sholter, and the Office of the State's Attorney for Baltimore County were all aware that they did not have the capability or ability to establish any plant-like substance was in fact marijuana as defined under Maryland Law as neither the Baltimore County Police Department crime lab nor the Maryland State Police had the equipment nor supplies needed for quantifying the THC concentration in any suspected plant-like substance.

42. Detectives Wolferman and Sholter were not qualified chemists and too did not have the capability, did not have the equipment and did not have the supplies for quantifying the level of THC concentration, if any, in any plant-like substance associated with Mr. Anderson's case.

43. Prior to their abuse to Mr. Anderson the State's Attorney's Office of Baltimore County, the Baltimore County Police Department and all Law enforcement agencies in the State of Maryland received a written memoranda from the Maryland State Police warning that the external lab used for determining quantitation of THC in plant-like materials for criminal prosecution purposes, NMS labs, did not employ chemists qualified to test nor permit introduction of test results in a Maryland court of the quantitation of THC in any plant-like substance.

44. Prior to their abuse to Mr. Anderson the Maryland State Police knew that no NMS chemist was Maryland-certified to introduce test results of CDS analysis without testimony from the chemist, nor was any chemist qualified under Maryland law to conduct said tests.

45. Prior to Defendants lies to a grand jury, and continued malicious prosecution of Mr. Anderson, the Maryland State Police on 8/5/2021, issued a public statement acknowledging that certification under Md. Code Ann., Cts & Jud. Proc., sec. 10-1001, is required in order to introduce the results of CDS analysis without the testimony from the chemist; and that NMS had NO certified chemists to meet this criterion pursuant to the Maryland Department of Health.

46. Prior to the abuse to Mr. Anderson and prior to awarding its contract to NMS labs neither the

53. At no time did any defendant observe Mr. Anderson commit a misdemeanor; nor did any defendant have personal knowledge of a felony committed or associated with Mr. Anderson prior to his arrest or any time thereafter.

**WHEREFORE**, Plaintiff Na'Im Anderson, claims in excess of seventy-five thousand dollars ($75,000.00) in compensatory damages and in excess of seventy-five thousand dollars ($75,000.00) in punitive damages from Defendants Baltimore County, Maryland, The State of Maryland, the Office of the State's Attorney for Baltimore County, Detective Nicholas Wolferman and Detective Chad Sholter, jointly and severally, and for such other and further relief to which Plaintiff may be entitled.

### COUNT II – MALICIOUS PROSECUTION

54. The Plaintiff, Mr. Anderson, incorporates as if fully stated herein the allegations contained in all paragraphs.

55. Defendant Officers and the Office of the State's Attorney for Baltimore County started and continued a criminal prosecution against Plaintiff Mr. Anderson by alleging offenses that said Defendant Officers knew in advance to be false.

56. Defendant Officers did so without probable cause necessary to give rise to said charges or the criminal proceedings Anderson was subjected to.

57. Defendant Officers with the assistance of the Office of the State's Attorney for Baltimore County charged Plaintiff, Mr. Anderson, with numerous charges as previously detailed in the *Facts Common to All Counts* section of this Complaint out of malice, evil motive and ill will; and, not to bring Mr. Anderson to justice for allegedly committing the actual criminal offences charged.

58. The criminal proceeding against Mr. Anderson forced him to retain legal defense counsel at great expense prior to the proceedings terminated in his favor; with a disposition of *nolle prosequi* on 1/23/2023 and 1/24/2023.

11

and Detective Chad Sholter, jointly and severally, and for such other and further relief to which Plaintiff may be entitled.

### COUNT IV – VIOLATION OF ARTICLE 24 AND ARTICLE 26 OF THE MARYLAND DECLARATION OF RIGHTS; FABRICATION OF EVIDENCE

63. The Plaintiff, Mr. Anderson, incorporates as if fully stated herein the allegations contained in all paragraphs.

64. Article 24 provides that no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land; Article 26 provides that all warrants, without oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places, or to apprehend suspected persons, without naming or describing the place, or in the person in special, are illegal, and ought not to be granted.

65. At no time relevant herein were any laws violated by Mr. Anderson, in or outside the presence of any defendants.

66. At all relevant times, all defendant officers were employees of the County of Baltimore as sworn members of the Baltimore County Police Department, whose actions were committed within the scope of their employment and for the benefit of the County of Baltimore.

67. At all relevant times attorneys within the Office of the State's Attorney for Baltimore County were State employees whose actions were committed within the scope of their employment and for the benefit of the State, including actions that deprived Mr. Anderson of his Constitutional rights.

68. At all times described herein, Defendants acted under color and pretense of law, and under color of statutes, customs and usages of the State of Maryland and while intentionally abusing Mr.

knowing Baltimore County Police Department nor the Maryland State Police had the equipment or capabilities to determine whether a plant-like substances was marijuana or even unlawful to possess as defined under the Criminal Law Article and the Agricultural Article of the Maryland Code.

73. Defendants' acts were the actual and proximate cause of damages sustained by Plaintiff Anderson.

74. Anderson will continue to suffer severe emotional anguish, loss of reputation, loss of income, fear, fright, anxiety, nervousness and other physical injuries and damages that naturally flow from Defendants' conduct.

> **WHEREFORE**, Plaintiff Na'Im Anderson, claims in excess of seventy-five thousand dollars ($75,000.00) in compensatory damages and in excess of seventy-five thousand dollars ($75,000.00) in punitive damages from Defendants Baltimore County, Maryland, The State of Maryland, the Office of the State's Attorney for Baltimore County, Detective Nicholas Wolferman and Detective Chad Sholter, jointly and severally, and for such other and further relief to which Plaintiff may be entitled.

### COUNT V -- PLAINTIFF'S § 1983 CLAIM FOR VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS AND PRIVILEGES

75. Plaintiff incorporates herein the aforementioned paragraphs as if fully stated herein.

76. "The right of the people to be secure in their person's houses, papers, and effect, against unreasonable searches and seizures, shall not be violated and no warrants shall issue but upon probable cause. Supported by oath or affirmation and particularly describing the places to be searched and the persons or things to be seized." Amendment 4, Constitution of the United States.

77. That as a result of the actions of the defendants acting under color of law, the plaintiff was deprived of various rights and privileges guaranteed to him by the United States Constitution and the laws of the land including, but not limited to, the Plaintiff's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution as their actions constituted an illegal search and seizure, an illegal use of

15

The County of Baltimore failed to train, supervise, monitor, and fire Defendant Police Officers for their roles in previous instances of malfeasance.

82. As a direct result of said Defendant County's and the Office of the State's Attorney for Baltimore County's failure to train, monitor, supervise, and/or discipline Defendant Officers, the named Defendant Officers, and line prosecutors from the Office of the State's Attorney for Baltimore County continued their pattern of illegal searches, seizures, arrests, fabrication of evidence and maliciously charging various individuals of criminal offenses they knew they could not prove beyond a reasonable doubt, including marijuana possession and related charges against Plaintiff Anderson.

83. As a direct result of Defendant County's breach of its duty, the named Defendant Officers victimized Mr. Anderson on July 13, 2021 through 1/24/2023 and on, using similar tactics as those complained of by other Baltimore County residents. These acts included illegal stops, illegal traffic stops, illegal searches, seizures, illegal arrests, and false charges and fabrication of evidence as well as fabrication of credentials and affirmation and withholding of exculpatory evidence. These actions as well as the actions in the present case were the direct result of the Baltimore County Police Department and the Office of the State's Attorney for Baltimore County's failure to train, supervise, and discipline the said Defendant Officers and line prosecutors.

84. Defendants were all aware or should have been aware that Defendant Officers and prosecutors within the Office of the State's Attorney for Baltimore County were complicit in an illegal custom/practice of the Baltimore County Police Department and State's Attorney's Office of Baltimore County.

85. As a direct result of Defendants failures, the Baltimore County Police Department's custom of not screening new hires, training, monitoring, supervising, failing to fire Defendant Officers and/or failing to implement policies that prohibit the conduct complained of in this suit, despite having specific knowledge of previous instances of constitutional violations to other Baltimore County citizens, Mr. Anderson suffered Constitutional depravations which were foreseeable and would not have happened

17

that Defendants could establish the criminal charges of marijuana possession despite being advised in writing that there was no evidence of such.

90. Defendants knew their conduct would cause the distress suffered by Anderson and yet acted with a reckless disregard for the distress they knew would follow from their extreme and outrageous actions; including the continuing distress suffered by Anderson while in police custody through being assaulted, starved removed from his family, removed from society, forced to work without pay, made to suffer emotionally; then subsequently reenforcing this conduct in representing under oath before a grand jury the fabricated evidence against Mr. Anderson.

91. The emotional distress to Mr. Anderson was, and still is, severe. As a result of Defendants' aforesaid conduct, Mr. Anderson suffered physical and/or non-physical injury, sustained economic damages for the cost of medical/mental health care expenses and lost wages as well as non-economic damages for the pain, suffering, fear, fright, humiliation, inconvenience, embarrassment and severe emotional distress for the totality of events that he was forced to endure.

**WHEREFORE**, Plaintiff Na'Im Anderson, claims in excess of seventy-five thousand dollars ($75,000.00) in compensatory damages and in excess of seventy-five thousand dollars ($75,000.00) in punitive damages from Defendants Baltimore County, Maryland, The State of Maryland, the Office of the State's Attorney for Baltimore County, Detective Nicholas Wolferman and Detective Chad Sholter, jointly and severally, and for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

Latoya Francis-Williams, Esq., CRF #1112130327
Law Office of Latoya A. Francis-Williams
P.O. Box 451, Randallstown, Maryland 21133
410-356-4691 (office); 443-548-4588 (fax)
latoya.f.williams@gmail.com
*Attorney for Plaintiff*

19

Case 1:23-cv-01842-JKB   Document 3   Filed 07/14/23   Page 11 of 11
E-FILED: Baltimore County Circuit Court
Docket: 4/25/2023 12:35 PM; Submission: 4/25/2023 12:35 PM

EXHIBIT A

| | |
|---|---|
| NA'IM ANDERSON<br>2413 Guilford Ave.<br>Baltimore, MD 21218<br><br>v.<br><br>Baltimore County, Maryland<br>Serve on: John A. Olszewski, Jr., *County Executive*<br>400 Washington Ave, Mailstop 2M01A<br>Towson, Maryland 21204<br><br>and<br>Office of the State's Attorney for Baltimore County<br>Serve on: Scott D. Shellenberger, *State's Attorney*<br>County Courts Building, Room 511<br>401 Bosley Ave., Towson, MD 21204<br><br>and<br>State of Maryland<br>80 Calvert Street, Room 109<br>Annapolis, Maryland 21401<br><br>and<br>Nicholas Wolferman<br>700 East Joppa Road<br>Towson, Maryland 21286<br><br>and<br>Chad A. Sholter<br>700 East Joppa Road<br>Towson, Maryland 21286 | IN THE CIRCUIT COURT<br><br>OF MARYLAND<br><br>FOR BALTIMORE COUNTY<br><br>CASE NO.: TBA<br><br><br>C-03-CV-23-001712 |

**DEMAND FOR JURY TRIAL**

    Now comes Plaintiff, Na'Im Anderson, by and through counsel and hereby demands a jury trial in the above captioned matter.

Dated this 25th day of April, 2023.